## Richmond

### VIRGINIAN RAILWAY COMPANY V. LONDON.

#### November 21, 1912.

1. PLEADING—*Declaration—Nuisance—Damages—Inconsistent Elements of Damages.*—A declaration which alleges that the defendant has erected a permanent nuisance on its lot adjacent to the residence of the plaintiff, and that in consequence thereof the plaintiff is damaged in the use and possession of her property, and that she is also damaged in the permanent depreciation of the market value of her property, does not allege inconsistent elements of damage, and the declaration is not, for that reason, demurrable.

2. NUISANCE—*Residence—Damages—Enhanced Market Value.* — The owner of a residence is entitled to the comfortable enjoyment of his home, and if his comfort, convenience and enjoyment of it is substantially impaired by the erection of a permanent nuisance near it, he is entitled to recover damages therefor, although the nuisance may have enhanced the market value of his property. The owner of a residence cannot be improved out of his home against his will, by the wrongful act of another.

Error to a judgment of the Corporation Court of the city of Roanoke in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The following instructions were given by the court on the motion of the plaintiff:

"(1) The court instructs the jury that every person or corporation has a right to use his, or its, own property for any purposes whatsoever, so long as such use does not interfere with the comfortable use and enjoyment of the adjacent property by its owner, but any operation of a round house and other terminal facilities which cause a

large amount of noise, smoke, cinders and dirt, to the detriment of the reasonable use of adjoining property and which constitutes a nuisance, gives the owner of such adjoining property a right to recover such sum as will compensate for such damage as may be sustained thereby.

"(2)  The court instructs the jury that if they believe from the evidence that the defendant company has established and maintained on its premises adjacent or near to the plaintiff's property described in the declaration, a permanent plant consisting of its round house, machine shop and coal tipple, and has emitted therefrom, in the course of a reasonable use of the same, and will continue to emit therefrom smoke, cinders, dust and noise to such an extent as to cause serious annoyance, disturbance and inconvenience and trouble to any reasonable person occupying such adjacent premises, then the plaintiff is entitled to recover a just compensation for being deprived of the quiet and comfort of her home by the smoke, cinders, dust and noise emitted from the defendant's said plant, and in assessing her damage the jury shall take into consideration the two following elements of damages so far as the same may be shown by the evidence, to-wit:

"1.  Such damage as the jury may believe the plaintiff to have suffered by reason of being permanently deprived of the quiet and comfortable use and enjoyment of her house as a residence and home, due to the smoke, cinders, dust and noise which the jury may believe to be emitted from the defendant's said plant.

"2.  The injury, if any, to the actual market value of the plaintiff's property caused by reason of such smoke, dust, cinders and noise, and in considering whether the market value of such property has been so injured, and if it has been so injured, then in arriving at the amount of such injury, the jury should be guided by the difference in its fair market value occasioned by such smoke, dust,

cinders and noise, but should not take into consideration any increase of such value caused by a general advance in real estate values or caused by its proximity to the Virginian railway, or to the freight depot or passenger station of said railway company. They should take into consideration any increase in such value caused by its proximity of convenience to the round house, machine shops and coal tipple of the defendant, if they believe such proximity to said round house, machine shops and coal tipple has increased its value.

"(3)  The court instructs the jury that, although they may believe from the evidence that the pecuniary value of the plaintiff's property has not been diminished or has been increased by the construction and operation of the defendant's round house and other adjacent machinery, nevertheless, if the jury believe that the plaintiff has been damaged by the same in the peaceful and quiet enjoyment of her property as a home for herself and family, then the jury shall find for the plaintiff, and shall assess her damages at such sum as the jury believe will be a reasonable compensation to her for the damages so sustained."

To the giving of which instructions, the defendant, by counsel, objected, but the court overruled said objection and gave said instructions offered by the plaintiff.

And, thereupon, the defendant moved the court to instruct the jury as follows:

"(1)  The court instructs the jury that the burden is on the plaintiff to show that the property involved in this suit has been damaged by the nuisance alleged to have been caused by the defendant; and the burden is also on the plaintiff to show the amount of such damages.

"(2)  The jury are instructed that, in order to recover damages for the nuisance, the plaintiff must show such

annoyance, discomfort or other interruption of the use of her property as would disturb or annoy persons of ordinary sensibilities or of ordinary taste and habit.

"(3)   The jury are further instructed that, in determining the market value of the plaintiff's property, they should consider all purposes for which the property may be available, either now or in the future, which would affect the present market value of the property, if offered for sale, and not merely its value for the use to which it was put prior to the establishment of the alleged nuisance.

"(4)   The court instructs the jury that if they believe from the evidence that the alleged nuisance caused by the defendant damages the plaintiff's property, and is of a permanent character, the measure of plaintiff's damages is the depreciation of the market value of the property by reason of the existence of the nuisance.   In arriving at the depreciation the jury should find the market value of the plaintiff's property immediately before the commencement of the alleged nuisance and deduct therefrom the market value of the plaintiff's property immediately after the commencement of the alleged nuisance.   The difference between the market values immediately before and immediately after the commencement of the alleged nuisance is the amount of the plaintiff's damages.

"(5)   The court instructs the jury that if they believe from the evidence that the plaintiff, Cora D. London, acquired the property which she alleges has been damaged by the defendant, after the defendant had located and commenced to operate its terminal facilities, which the plaintiff claims injures her property, and that the nuisance caused by the location and operation of the same is of a permanent character, they must find for the defendant.

"(6)   The court instructs the jury that if they believe from the evidence that the alleged nuisance caused by the defendant damages the plaintiff's property and is of a per-

22

manent character, the measure of the plaintiff's damages to her said property is the depreciation of the market value of the property by reason of the existence of the nuisance.

"The jury are further instructed that the plaintiff is not entitled to recover in addition to the damages above referred to any damages on account of the discomfort and inconvenience caused by the alleged nuisance during the time she has remained in the property and occupied it as a home.

"(7) The court instructs the jury that if they believe from the evidence that the alleged nuisance caused by the defendant is of a permanent character, the measure of the plaintiff's damages is the depreciation of the market value of the property by reason of the existence of the nuisance. If, however, the jury believe from the evidence that the alleged nuisance is only temporary, and not permanent in its character, the measure of the plaintiff's damages is the depreciation of the usable or rental value of the property by reason of the existence of said nuisance between the date of the commencement of said nuisance and the commencement of this suit.

"The jury are further instructed that the plaintiff is not entitled to recover in this action damages for both a permanent injury to the market value of the property and damages for an injury to the usable or rental value of the property.

"And if the jury believe from the evidence that the plaintiff's property has not been injured by the alleged nuisance, either in its market value or in its usable or rental value, they must find for the defendant.

"(8) The jury are also instructed that, in determining the question of whether a nuisance exists or not, they must take into consideration the location of the plaintiff's property and the surrounding circumstances; and if the plain-

tiff's property was, at the time of the commencement of the alleged nuisance, situated in a locality suitable for and principally devoted to manufacturing and industrial enterprises, the same conditions would not be considered as causing a nuisance to residence property in such a locality as in a locality principally devoted to and suitable for residential purposes. For example, a livery stable or manufacturing plant might constitute a nuisance in a residential section, whereas they would not constitute a nuisance in a section principally devoted to business of a like or similar character."

To the giving of which instructions, the plaintiff, by counsel, objected, and the court gave instructions Nos. 2 and 3, as offered by the defendant, and refused to give instructions 1, 4, 5, 6, 7 and 8, as offered by the defendant, and offered to give instructions Nos. 1, 5 and 6, if amended so as to read as follows:

"(1a) The court instructs the jury that before she can recover for damage to her property, the burden is on the plaintiff to show that the property involved in this suit has been damaged by the nuisance alleged to have been caused by the defendant; and the burden is also on the plaintiff to show the extent of such damages."

"(5a) The court instructs the jury that if they believe from the evidence that the plaintiff, Cora D. London, acquired the property which she alleges has been damaged by the defendant, after the defendant had located and commenced to operate its terminal facilities, in the manner which the plaintiff claims injures her property, and that the nuisance caused by the location and operation of the same is of a permanent character, they must find for the defendant."

"(6a) The court instructs the jury that if they believe from the evidence that the alleged nuisance caused by the

defendant damages the plaintiff's property and is of a permanent character, the measure of the plaintiff's damage to her said property is the depreciation of the market value of the property by reason of the existence of the nuisance.

"The jury are further instructed that the plaintiff is not entitled to recover, in addition to the damages above referred to, any damages on account of the discomfort and inconvenience caused by the alleged nuisance during the time she remained in the property and occupied it as a home; but, if the damage to the property is less than the damage from being deprived of the quiet and comfort of her home, she may, nevertheless, recover the damage from being so deprived of such quiet and comfort."

Thereupon, the defendant offered instructions Nos. 1a and 5a, modified as suggested by the court, which instructions were given by the court, but declined to offer instruction No. 6, with the amendment suggested by the court.

To which ruling of the court in refusing to give instructions 1 to 8, inclusive, as offered by the defendant, the defendant, by counsel, excepted.

And thereupon, after the court had given the aforesaid instructions offered by the plaintiff and had refused to give the instructions as hereinbefore set forth, which were offered by the defendant, the defendant offered instruction No. 9, which is as follows:

"(9) The court instructs the jury that before they can find for the plaintiff, on her theory of this case, any damages because of the disturbance or inconvenience suffered from noise and smoke from the defendant's works, they must believe from the evidence she continued to live in her said property in absolute good faith, and because she could not obtain a location as suitable and convenient for her

purposes as her present residence and at a price as low as the price readily obtainable for her present residence, and did not continue to live there with a view to recovering damages against the defendant company or forcing the defendant company to buy her said property."

And the court refused to give instruction No. 9 as offered by the defendant, and thereupon the defendant offered instruction No. 9a, which is as follows:

"(9a)   The court instructs the jury that before they can find for the plaintiff, on her theory of this case, any damages because of the disturbance or inconvenience suffered from noise and smoke from the defendant's works, they must believe from the evidence she continued to live in her said property in absolute good faith, and because she could not obtain a location as suitable and convenient for her purposes as her present residence and did not continue to live there with a view to recovering damages against the defendant company or forcing the defendant company to buy her said property."

And the court refused to give instruction No. 9a; to which ruling of the court in refusing to give instructions Nos. 9 and 9a the defendant, by counsel, excepted.

The opinion states the case.

*Hall & Woods* and *G. A. Wingfield,* for the plaintiff in error.

*A. P. Hunt* and *Abram P. Staples, Jr.,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

The defendant in error sued the Virginian Railway Com-

pany upon a plea of trespass on the case, and in her declaration avers that she was seized and possessed of a certain lot of land situated in the city of Roanoke, Va., on which she had erected a certain building, and was using the same as a residence for herself and her family; that the Virginian Railway Company owned a certain lot of land lying adjacent to her property on which it erected a round house, which was used by it for the purpose of receiving, storing and delivering cars and locomotive supplies and material, and for keeping locomotives and engines, and in connection with said round house laid a number of short railroad tracks, which were used for the purpose of standing, storing and keeping such of its locomotives as were not in immediate use, and of cleaning, firing, steaming and repairing them; that it was the duty of the defendant so reasonably to use its said lot and the structures thereon as not to interfere with the possession, use and enjoyment by the plaintiff of her property; yet the defendant, not regarding its duty, has steadily and unceasingly continued, and is now continuing, to stand, store and keep in said round-house and on the tracks adjacent thereto a large number of locomotives, varying in number from time to time, and to clean, fire, steam and repair the same in the round-house and on the tracks adjacent thereto; that from the engines so placed, hostled, tended and handled there were daily and many times during the day and night the ringing of bells, blowing of whistles, and prolonged and deafening roar of steam and noise of blowers at work raising them, and vast clouds of smoke and ashes come from the smokestacks of said locomotives over, upon, into, through and about the plaintiff's dwelling and premises; that the said smoke, cinders, soot, ashes and dust are blown into plaintiff's dwelling house and taint and corrupt the air and atmosphere and render practically useless the

dwelling house of the plaintiff for the purpose of habitation.

The case was twice tried. At the first trial the jury rendered a verdict for the defendant, which, upon motion of the plaintiff, the court set aside, and at a subsequent trial the jury awarded the plaintiff $500, upon which verdict the court entered judgment, and the case is before us upon the petition of the railway company, which assigns as error, first, the action of the court in setting aside the first verdict and granting a new trial, and, second, certain rulings of the court made during the progress of the second trial.

We have no difficulty in saying that the court did not err in setting aside the first verdict. Whatever may be the difference of opinion as to the true measure of damages in such a case, it is certain that the plaintiff had sustained substantial damage, and that the jury erred in finding a verdict for the defendant.

The errors assigned by the plaintiff in error with respect to the second trial are as follows: First, that the court erred in overruling the demurrer to the amended declaration; second, that the court erred in refusing to give the instructions asked for by the plaintiff in error; and, third, that the court erred in refusing to set aside the verdict of the jury rendered on the second trial of the case.

Upon the demurrer the contention of the plaintiff in error is that inconsistent elements of damage are claimed in the declaration; that the declaration alleges that the plaintiff is damaged in the use and possession of her property, and is also damaged by the permanent depreciation of the market value of her property; and that these elements of damage are inconsistent, because the permanent depreciation in the market value of property comprehends the whole damage that can be caused to property by the establishment of a permanent nuisance. The same

assignment of error is made in connection with the instructions asked for and which the court refused to give, and is the controlling question in the case.

Plaintiff in error relies upon *Swift* v. *Newport News,* 105 Va. 108, 52 S. E. 821, 3 L. R. A. (N. S.) 404, where it is stated that where private property has been damaged by a public improvement, but no part thereof has been taken, the measure of damages is the diminution in the value of the property by reason of the improvement—the difference between the fair market value of the property immediately before and after the construction of the public improvement.

In that case the court was dealing with an injury to property only, caused by a change in the grade of a street, and as a matter of course, if the change in the grade added to the market value, no injury was sustained by the act complained of, but in the case before us another element enters, and is to be considered. There are nuisances in which the harm attributed consists of damage to realty itself, and, secondly, those in which the damage consists of an interference with some right incident to the ownership or possession of realty. The case of *Swift & Co.* v. *Newport News, supra,* belongs to the first class, in which there must be substantial diminution in the value of the property, while the case before us belongs to the second class, where the injury consists of a substantial impairment of the plaintiff's comfort and convenience and enjoyment of it. See I Street's Foundation of Legal Liability, pp. 211-223, inclusive.

The author adopts the definition of a private nuisance given by Pollock as follows: "A private nuisance is the using, or authorizing the use of, one's property, or of anything under one's control, so as to injuriously affect an owner or occupier of property (1) by diminishing the value of that property; (2) by continuously interfering with

his power of control or enjoyment of that property; (3) by causing material disturbance or annoyance to him in his use or occupation of that property."

The contention of the plaintiff in error seems to be that damages for diminution of the value of property include every element of damage which may be recovered, and that if a nuisance be a continuing nuisance—a permanent nuisance—(and it is conceded that the nuisance under consideration is a permanent nuisance) it excludes every other element of damage. In this view we cannot concur. The result of a nuisance may be to add to the value of the property, and yet involve a substantial impairment of the owner's comfort, convenience and enjoyment of it by causing a material disturbance or annoyance to him in the use or occupation of that property. Any other conclusion would seem to involve the right to set off a benefit resulting from the nuisance against the injury which it occasions.

There can be no doubt, under the facts of this case, that the value of the house of the defendant in error was, for residential purposes, greatly impaired by the nuisance created by the plaintiff in error. That is a conceded wrong, and to deny her the right to recover damages on account of that wrong because the market value of her property had been increased by the wrong would be to say that she could be improved out of her home against her will by the wrongful act of the plaintiff in error, and the law would afford her no redress.

In *Baltimore & Potomac R. Co.* v. *Fifth Baptist Church,* 108 U. S. 317 27 L. Ed. 739, 2 Sup. Ct. 719, in dealing with the subject of damages for such an injury, Mr. Justice Field uses the following language: "Mere depreciation of the property was not the only element for consideration. That might, indeed, be entirely disregarded. The plaintiff was entitled to recover because of the inconvenience and discomfort caused to the congregation assembled, thus

necessarily tending to destroy the use of the building for the purposes for which it was erected and dedicated. The property might not be depreciated in its salable or market value, if the building had been entirely closed for those purposes, by the noise, smoke and odors of the defendant's shops. It might then, perhaps, have brought in the market as great a price to be used for some other purpose. But as the court below very properly said to the jury, the congregation had the same right to the comfortable enjoyment of its house for church purposes that a private gentleman has to the comfortable enjoyment of his own house, and it is the discomfort and annoyance in its use for those purposes which is the primary consideration in allowing damages."

The principle established in that case is, we think, conclusive of the one under consideration.

We are of opinion that the demurrer to the declaration was properly overruled and that the court committed no error with respect to the instructions.

With respect to the instructions which were refused, it is proper to mention that the plaintiff in error asked the court to instruct the jury as follows: "The court instructs the jury that if they believe from the evidence that the alleged nuisance caused by the defendant damages the plaintiff's property and is of a permanent character, the measure of the plaintiff's damage to her said property is the depreciation of the market value of the property by reason of the existence of the nuisance;" which the court refused to give in that form, but expressed itself as willing to give with the following addendum, if the plaintiff in error desired it: "The jury are further instructed that the plaintiff is not entitled to recover, in addition to the damages above referred to, any damages on account of the discomfort and inconvenience caused by the alleged nuisance during the time she remained in the property and

occupied it as a home; but if the damage to the property is less than the damage from being deprived of the quiet and comfort of her home she may, nevertheless, recover the damage from being so deprived of such quiet and comfort." The effect of which would have been, of course, to prevent the recovery of what plaintiff in error claims would have been double damages—that is to say, damage to the use of the property on account of discomfort and inconvenience caused by the alleged nuisance as well as to its market value; but the plaintiff in error, with respect to that instruction, declined to offer instruction No. 6 with the amendment suggested by the court.

Upon the whole case we are of opinion that the judgment complained of should be affirmed.

*Affirmed.*