Arthur F. Haack et al., Appellees, v. Lindsay Light and Chemical Company, Appellant.

Gen. No. 9,990.

Heard in this court at the October term, 1944. Opinion filed February 8, 1945. Rehearing denied April 30, 1945. Released for publication May 1, 1945.

WINSTON, STRAWN & SHAW, of Chicago, and CHARLES W. HADLEY, of Wheaton, for appellant;

John C. Slade, Douglas C. Moir, Bryce L. Hamilton and Edward J. Wendrow, all of Chicago, of counsel.

Perry & Elliott, of Wheaton, for appellees.

Mr. Justice Wolfe delivered the opinion of the court.

The plaintiffs obtained a decree of the circuit court of DuPage county perpetually enjoining the defendant, The Lindsay Light and Chemical Company, from permitting the escape of gas and other substances from its chemical plant situated in the vicinity of their homes in the City of West Chicago. The precise prohibitory terms of the decree will be hereafter stated as, in our opinion, the scope of the decree, or injunction, is the controlling factor presented by the appeal of the defendant.

The plaintiffs, Arthur F. Haack and his wife, Ethel, Walter E. Giese and his wife, Esther, are, respectively, the owners in joint tenancy of two lots on which their separate residences are located. The complaint for the injunction was filed after the plaintiffs, as joint plaintiffs with other persons residing on real estate in the neighborhood of the defendant's plant, had procured a verdict and judgment in the circuit court of DuPage county, against the defendant, in the amount of one dollar as damages upon the same grounds which form the charging allegations of the complaint for the injunction; namely, the maintenance of a nuisance by the defendant. The verdict for $1.00 was for damages for injury and annoyance caused to the plaintiffs because of the maintenance of the nuisance by the defendant for five years before the civil suit was commenced on August 25, 1942. On July 27, 1943, the plaintiffs withdrew their motion for a new trial and on the same date filed their complaint for the injunction. There was no appeal from the judgment for the plaintiffs.

The complaint is drawn on the theory that the verdict and judgment in the civil suit establishes as a fact, conclusive as to the defendant, that the defendant by the operation of its plant is guilty of maintaining a common nuisance causing legal injury to the plaintiffs. At the hearing before the chancellor, the plaintiffs introduced the verdict in evidence. Oral testimony was also introduced by the plaintiffs to prove that the conditions complained of in the civil suit attending the operation of the defendant's plant had existed at the time, and for five years before the commencement of the suit for the injunction. Plaintiffs on this appeal rest their case on the contention that it is an established rule that the verdict, awarding them damages resulting from the maintenance of the nuisance for a period of five years establishes the fact that there is a continuing nuisance which will be abated by an injunction in a court of equity, as a matter of course.

The plant of the defendant is a large building divided into twelve rooms, or units, separated by fire board or similar material. Its products include a large variety of rare earth chemicals (extracted from monazite sand) and a great quantity of hydrofluoric acid. Hydrofluoric acid is produced in the plant by treating fluor spar with sulphuric acid and then heating the mass in a closed container. Hydrogen fluoride is thereby produced which is drawn by suction through pipes into a series of closed and connected containers, consisting of a collector and condensers in which the gas passes over water and condenses forming hydrofluoric acid. The acid is then drawn from the bottoms of the condensers. The residue, or waste, is chiefly calcium sulphate and sand which contains free sulphuric acid, unless the process of extracting the hydrofluoric acid is carefully controlled. The residue of a grayish-white color, is removed by the defendant from its premises in covered trucks.

Sulphuric acid if exposed will gradually evaporate

absorbing moisture from the air and forming a vapor or cloud known as sulphur trioxide. As before stated, when hydrogen fluoride is passed over water it condenses to form hydrofluoric acid. Hydrofluoric acid has a strong affinity for water and when it is brought in contact with water-damp window glass, unless immediately wiped off, forms silicon (terra fluoride) which permanently clouds the glass. This clouding of window glass is referred to in the evidence, as "etching," and is a slow process continuing as long as hydrogen fluoride is found in the atmosphere, and touching wet window glass.

Defendant operates three hydrofluoric acid units, using approximately two tank cars of sulphuric acid each week. Sulphur trioxide and hydrogen fluoride were identified in the evidence as being emitted from the defendant's plant. Clouding, or etching, of the panes in the windows of their dwellings was one of the annoyances complained of by the plaintiffs as a result of the operation of the defendant's plant. Whether there was stunting of trees, grass, shrubbery and growing vegetables on the premises of the plaintiffs caused by gases and acids from the plant of the defendant was also a question submitted to the jury in the civil suit.

In the civil suit the plaintiffs recovered damages as consequences resulting from the operation of the defendant's plant which the jury found constituted a nuisance. The nuisance is a continuing one for which the plaintiffs may bring successive suits for damages if the nuisance is not abated.

The jurisdiction of courts of equity to enjoin nuisances is well established and has existed for a long time. (*Stead v. Fortner,* 255 Ill. 468.) However, the mere existence of a nuisance does not of itself justify the intervention of a court of equity, and, in the absence of allegations and proof of the existence of equi-

table grounds, the court does not take jurisdiction. (46 C. J., p. 766, secs. 373–383; *Oswald v. Wolf*, 129 Ill. 200; *City of Pana v. Central Washed Coal Co.*, 260 Ill. 111; *City of Kankakee v. New York Cent. Ry. Co.*, 387 Ill. 109; *Carlisle v. Cooper*, 21 N. J. Eq. 576.) It is a general rule, and one which was formerly enforced with very considerable strictness, that, before a court of equity will interfere by injunction to restrain a private nuisance, the plaintiff must establish his right in a court of law.—*Village of Dwight v. Hayes*, 150 Ill. 273, 278. While in modern times the strictness of this rule has been somewhat relaxed, there is still a substantial agreement among the authorities, that to entitle a party to equitable relief before resorting to a court of law, his case must be clear, so as to be free from substantial doubt as to his right of relief.—*Oswald v. Wolf*, 129 Ill. 200. (*City of Kankakee v. New York Cent. Ry. Co.*, 387 Ill. 109.)

The plaintiffs for an injunction for the abatement of a common nuisance, having established his right in a court of law, that is, having established that the defendant is maintaining a nuisance resulting in legal injury and actionable damages to the plaintiffs, have thereby established a case for the intervention of a court of equity. If the nuisance is a continuing one, the damages awarded the plaintiffs being for past and not for prospective damages, and well fixed equitable grounds exist for the intervention by injunction, it is not error to issue the injunction. (*Paddock v. Somes*, 102 Mo. 226, 14 S. W. 746; *Williams v. Haile Gold Mining Co.*, 85 S. C. 1, 66 S. E. 117; *American Smelting & Refining Co. v. Godfrey*, 158 Fed. 225; *Winhold v. Finch*, 286 Ill. 614; *Village of Dwight v. Hayes*, 150 Ill. 273.)

The plaintiffs and the witnesses called by them testified that the panes in the windows of their homes were etched; that at times there was a bluish haze or vapor which would stay about six feet from the ground until

dispersed by wind; that there was something in the air which irritated the nose and throat causing coughing, which was relieved indoors; that a white powdery substance from the defendant's trucks got on their premises. The verdict has determined that the conditions complained of by the plaintiffs are the result of the nuisance maintained by the defendant. The injury is constant and frequent and no fair and reasonable redress can be had in a court of law by the plaintiffs. The nuisance causes actionable and substantial damages to the comfortable and reasonable occupation of their homes. (*Chicago-Virden Coal Co. v. Wilson*, 67 Ill. App. 443; *Virginia R. Co. v. London*, 114 Va. 334, 76 S. E. 306.)

Referring to the issuance of an injunction to abate a nuisance the Supreme Court in the case of *Winhold v. Finch*, 286 Ill. 614, page 619 says: "The irreparable injury necessary to give a court of equity jurisdiction in such a case is not one so great as to be impossible of compensation, but one of such character that the law cannot give adequate compensation for it. 'The fact that no actual damages can be proved, so that in an action at law the jury could award nominal damages, only, often furnishes the very best reason why a court of equity should interfere in a case where nuisance is a continuous one.' (Elliott on Roads and Streets, 497; *Newell v. Sass*, 142 Ill. 104.) Where an injury is of such constant and frequent occurrence that no fair or reasonable redress can be had for it in a court of law it may be enjoined. (*Chicago General Railway Co. v. Chicago, Burlington and Quincy Railroad Co.*, 181 Ill. 605.)"

The plaintiffs having established their right in a court of law, it is our opinion that the equitable doctrine of laches relied upon by the defendant should not bar the plaintiffs from being granted the injunction. (*City of Pana v. Central Washed Coal Co.*, 260 Ill. 111.) The plaintiffs were owners of their premises be-

fore the defendant purchased the building in which their chemical plant is located. The injuries complained of by the plaintiffs were the result of a slow process as hereinbefore stated. (*American Smelting & Refining Co. v. Godfrey,* 158 Fed. 225.)

The prohibitory terms of the injunction are as follows: "Ordered by the court, that the defendant, Lindsay Light and Chemical Company, a corporation, be and it hereby is perpetually enjoined and restrained from continuing to so operate its business and manufacturing plant in such a manner that hydrogen fluoride gas, hydrofluoric acid, and sulphur trioxide are emitted, issued, or discharged from the building and premises so occupied by the said defendant and diffused in the air in and about its said premises and the premises of the plaintiffs; and enjoining the said defendant from continuing to so operate its said business in such a manner as to interfere with the reasonable comfort and enjoyment by said plaintiffs and each of them of their respective homes." The last semicolon of the decree, together with the words, "and enjoining the said defendant from continuing to so operate its said business," are improper in the decree, and should be stricken. (*City of Kankakee v. New York Cent. Ry. Co.,* 387 Ill. 109.)

The cause is reversed and remanded with directions to the circuit court of DuPage county to strike that part of the decree herein declared to be improper, otherwise the decree is affirmed.