## CIRCUIT COURT OF ARLINGTON COUNTY

Kenneth L. Bellamy et al.

v.

Ruby T. Husbands et al.

February 22, 1972

Case No. (Chancery) 21691

By JUDGE PAUL D. BROWN

This cause came on to be heard on the complainant's bill for an injunction against the defendants Ruth T. Husbands and Virginia Electric and Power Company against the use of two mercury vapor outdoor lights. The first is located in the public right of way contiguous to the complainant Cuccia and the defendant Husbands and is described as a Watchlite, being a mercury vapor lamp, installed on a utility pole hereafter referred to as Pole A. The second is a similar Watchlite on utility Pole B located in the rear corner of the Husbands' property contiguous to the property of two complainants and but one removed from the third complainant.

The evidence discloses that in July, or at the beginning of August, 1971, the defendant VEPCO installed these 7000 lumen mercury vapor lamps, described as Watchlites, type 5, at a height of 22 to 25 feet above the ground on Poles A and B. The installation was on Mrs. Husbands's order and she pays $3.50 per month per light. The lights were installed by Mrs. Husbands as a protection to her property. She complains of frequent, though relatively minor, acts of vandalism.

The complainants allege and show that their sleep has been disturbed and that the use and enjoyment of their property, as well as their property values, have

been disturbed and damages. No monetary quantum of damage has been shown.

The standards of decision are set forth in the following authorities.

Our Supreme Court has approved this language from a New Jersey case as to a business:

> Lawful and useful business shall not be put a stop to on account of every trifling or imaginary annoyance such as may offend the taste or disturb the nerves of a fastidious or over refined person. But on the other hand it does not allow anyone whatever his circumstances or condition may be, to be driven from his home or compelled to live in discomfort although caused by a lawful and useful business carried on in his vicinity.

*Bragg v. Ives*, 149 Va. 482, 496 (1927). It is said:

> Accordingly, while everyone has the right to use his property as he sees fit, this right is subject to the implied obligation of every owner or occupant of property to use it in such a way that it will not be unreasonably injurious to the equal enjoyment of other property owners having an equal right to the enjoyment of their property, or injurious to the rights or welfare of the community; and, conversely, every citizen or property owner has the right to the enjoyment of his property or home without hurt or injury from any unlawful acts or conduct of his neighbor.

66 C.J.S. *Nuisances*, p. 740. It is also said:

> The utility of the defendant's conduct is to be weighed against the quantum of harm to the plaintiff and the problem is the striking of a balance as nearly as possible between the respective rights of the parties. Some of the specific factors considered in determining the interests of the parties are the extent

and character of harm involved; the social value of the respective uses; the suitability of each use to the character of the locality in which it is conducted; and the ability of plaintiff or defendant to prevent or avoid the harm.

58 Am. Jur. 2d, *Nuisances,* p. 581. The Virginia Court has said:

There are nuisances in which the harm attributed consists of damage to realty itself, and, secondly, those in which the damage consists of an interference with some right incident to the ownership or possession of realty. The case of Swift & Co. v. Newport News, supra, belongs to the first class, in which there must be substantial diminution in the value of the property, while the case before us belongs to the second class, where the injury consists of a substantial impairment of the plaintiff's comfort and convenience and enjoyment of it. See T. Street's Foundation of Legal Liability, pp. 211-223, inclusive.

The author adopts the definition of a private nuisance given by Pollock as follows: "A private nuisance is the using, or authorizing the use of, one's property, or of anything under one's control, so as to injuriously affect an owner or occupier of property (1) by diminishing the value of that property; (2) by continuously interfering with his power of control or enjoyment of that property; (3) by causing material disturbance or annoyance to him in his use or occupation of that property."

*Virginian R. Co. v. London,* 114 Va. 334, 344, 76 S.E. 306 (1912).

The complainants and the defendant presented their evidence ore tenus. A nighttime view was granted on their joint motion. The premises involved are in the middle of a residential subdivision of two-story brick houses. The affected homes have their bedrooms on the second floor,

roughly at the height of the subject lights. With sheer curtains and with conventional drapes drawn, additional artificial light enters the room to the point where complainant Cuccia has difficulty sleeping one or two nights each week. Similar problems occur in the Bellamy home and in the non-contiguous home of Edith Jones. The undisputed testimony shows that Mrs. Jones has moved from one bedroom to another to avoid being kept awake at night. She cannot enjoy the use of her master bedroom.

The neighborhood was developed thirty to thirty-one years ago. It has many trees and shrubs. The trees and shrubs add to the defendant's problem but to not protect the complainants.

The general street lighting is of an older incandescent type.

The complaints of the defendant as to vandalism appear to be a mixture of the real and the fanciful. The defendant is entitled to use some artificial lighting to guard her premises. The principle issue is the amount of light needed to protect her property from potential vandalism as against the right of neighbors to be free from undue interference.

The present incandescent street lights cannot be said to light the community well. This includes the defendant's home. The two mercury vapor lights installed are roughly one hundred feet apart and produce brilliant light. They are approximately street light height. They are 7000 lumen mercury vapor lamps. The Arlington County policy as to the replacement of street lights is to use mercury vapor lamps of 3300 lumens. The subject lights are double the lumens of new street lights and only half as far apart as street lights are normally situated in the community.

The subject lights are open at the bottom and cast a circular pattern downward. Part of this pattern from Pole B includes the side walls of the Jones property. The shaded side of the lights is of a solid material attached to the glass shade around each "bulb." It does not limit the circular downward pattern.

The court finds that the light produced not only disturbs and injures each of the complainants but goes beyond the reasonable needs of the defendant.

The testimony and view show that alternate lighting by additions to the home system of the defendant would suffice as to the rear of the property.

Accordingly, the light on Pole B is found to be a nuisance and an order should be prepared enjoining its use.

The Court finds that the light on Pole A is more intense than is needed for the purpose and that it is inadequately side shaded to protect the use of bedrooms and adjacent land of complainants Cuccia and that the continued use of a light of this intensity and of this limited shading is to be enjoined.

The Court does not propose to go beyond the relief sought. It is not in the judicial province to say what alternate or substitute is the maximum permissible.

In the light of this opinion counsel are requested to attempt to agree on a solution which balances the rights of the parties without the potential of further litigation. The Court has described what may not be done. It is hoped that the parties will now agree on what lesser steps may be taken.

Prevailing counsel should prepare an order of injunction if agreement is not reached in a few days.