# CIRCUIT COURT OF THE CITY OF ROANOKE

Mary Ann Kraige

v.

Kroger Company and
Concord Assets Group, Inc.

September 4, 1997

Case No. CL96-976

BY JUDGE ROBERT P. DOHERTY, JR.

Plaintiff claims that she was exiting a grocery store when she was struck and injured by a bicyclist on the sidewalk in front of the business. She charges The Kroger Company, tenant, and Concord Assets Group, Inc., landlord, with negligence for not keeping the walkways in a reasonably safe condition, with creating and/or maintaining a nuisance, and with breach of warranty. Defendants have jointly filed a demurrer to the nuisance and to the warranty counts of the Motion for Judgment. The Court finds that the demurrer is well taken as to the warranty claim, but not as to the nuisance claim.

### Nuisance

Nuisance is a generic term covering two separate and distinct torts, they being a private nuisance and a public nuisance.

A private nuisance is the using, or authorizing the use of, one's property, or of anything under one's control, so as to injuriously affect an owner or occupier of property (1) by diminishing the value of that property; (2) by continuously interfering with his power of control or enjoyment of that property; (3) by causing a material disturbance or annoyance to him in his use or occupation of that property. *Bowers v. Westvaco Corp.*, 244 Va. 139, 148 (1992), quoting with approval from *Virginian Ry. v. London*, 114 Va. 334 (1912).

A public nuisance does not require that a property right be involved. Instead, a public nuisance is defined as "a condition which is dangerous to the public." *Taylor v. City of Charlottesville*, 240 Va. 367 (1990).

It is easy to confuse the elements and defenses attributable to each of these torts. The cases reporting them frequently refer only to "nuisance" and fail to distinguish whether they are talking about a public nuisance or a private nuisance. That confusion is the cause of the dispute between the parties regarding the "nuisance" count of the Motion for Judgment.

Defendants argue that the Plaintiff's claim that a nuisance came about as the result of conduct which includes negligence is fatal to the nuisance count. They cite the case of *Philip Morris, Inc. v. Emerson*, 235 Va. 380 (1988), for the proposition that a negligence action is the only remedy available when a nuisance arises from negligent conduct. Plaintiff counters with *Chapman v. City of Virginia Beach*, 252 Va. 186, 192 (1996), wherein the Court held that a negligence action is not the only remedy available when a nuisance arises from negligent conduct. Although these findings appear to be completely at odds with each other, they are not. The *Philip Morris* case deals with a private nuisance, and the *Chapman* case deals with a public nuisance. Each case refers to a different tort.

Since Plaintiff does not allege that she was injuriously affected as an owner or occupier of property, the tort of creating or maintaining a private nuisance is eliminated. Thus the question is, has the Plaintiff made sufficient allegations in her Motion for Judgment to overcome a demurrer on the issue of the creation and maintenance of a public nuisance? The Court finds that she has. Her allegations are that the Defendants negligently created and/or allowed to exist a condition which was dangerous to members of the public, i.e., business invitees, and that while lawfully on the premises, she was injured as a result of that dangerous condition. Whether adequate facts exist to justify such an assertion is a question to be answered by the jury. The demurrer to the public nuisance count of the Motion for Judgment is overruled.

### Warranty

Plaintiff contends that because they sell groceries to the public, both the owner and the operator of the grocery store impliedly warrant their premises to be fit for the purpose of shopping for and purchasing goods. The argument is that the Defendants breached this implied warranty by not providing a safe exit for the Plaintiff. No authorities are presented for this proposition. The

Court finds that the introduction of the concept of warranty into an action such as this is a legislative function and not a judicial function. Defendants' demurrer is sustained as to the warranty count of the Motion for Judgment.