## CIRCUIT COURT OF THE CITY OF RICHMOND

ICM Enterprises, L.C.,
and LaDifference, Inc.

v.

1425 E. Cary St. Associates
and 15th and Cary, L.L.C.

March 15, 2004

Case No. Ch03-1548-3

BY JUDGE MELVIN R. HUGHES, JR.

In this case the defendants have filed a Demurrer to plaintiffs' Bill of Complaint. As with all demurrers, the court will accept as true all well pleaded facts alleged in the Bill of Complaint for the purpose of a ruling on whether a cause of action has been alleged. *Duggin v. Adams*, 234 Va. 221 (1987).

Plaintiffs and defendants own property across the street from one another. Defendant 15th and Cary, L.L.C., transferred the property to East Cary Street by deed dated March 24, 2003. Since November 1999, plaintiff LaDifference has continued to occupy its building as a retail furniture store. Beginning in 1998, either or both defendants have failed to maintain their property by allowing a tree to bulge the wall of defendants' property into the street loosening mortar and deteriorating windows and connectors causing the wall to collapse into the street. These and other conditions defendants have allowed have caused their building to deteriorate and to become unsafe and dangerous affecting the street, Davenport Lane, posing a danger to vehicles and pedestrians. Plaintiffs allege that defendants had knowledge of these problems for three years.

Plaintiffs also allege that the defendants caused Davenport Lane, an important entranceway to the plaintiffs' business, to be closed or blocked while the defendants demolished their building. In the demolition, defendants damaged a gutter on the plaintiffs' building while disconnecting other gutters on plaintiffs' building. The plaintiffs allege violations of the Uniform Statewide Building Code, public and private nuisance, interference with business, and irreparable harm and pray for a temporary/permanent injunction, damages, and punitive damages.

The defendants have demurred on eight main grounds. For the reasons that follow, the Demurrer will be overruled in part and sustained in part.

## I. *Multifariousness*

The defendants complain that the plaintiffs' Bill of Complaint is multifarious in that it combines claims of both plaintiffs against two distinct defendants. One of the plaintiffs is the owner of the property, and other is the lessor of the property. The defendants have each owned the property across the street from plaintiffs, but at differing times.

Multifariousness is the joining in one bill of complaint of distinct, unconnected, and independent matters. *Collins v. Lyon*, 181 Va. 230, 244 (1943). Whether a particular bill of complaint is multifarious should be determined on a case-by-case basis, but an objection of multifariousness is not valid where the matters of the litigation may be embraced within one suit, the rights of all parties are conveniently settled, and the defendants suffer no prejudice. *Morris v. Scruggs*, 147 Va. 166, 172 (1927). In this case, the allegations against each defendant are part of the same occurrences and are not completely distinct and independent of each other. Therefore, the bill of complaint does not offend the principle of multifariousness.

## II. *Public Nuisance*

The defendants argue that the plaintiffs have failed to allege some "special injury" to them as a result of the defendants' actions. In order to sustain a claim of public nuisance, a plaintiff must show "that he has suffered, or will suffer therefrom, special and peculiar injury or damage to himself, as distinguished from injury or damage to the general public." *Bowe v. Scott*, 113 Va. 499, 500 (1912). The plaintiffs have alleged in their Bill of Complaint, however, two particular special injuries. First, the plaintiffs have alleged that the defendants' actions have specifically harmed the gutters on their building. Second, the plaintiffs have alleged that the closing or blocking of Davenport Lane, along with the danger presented to the street

based upon the nuisance, directly affect the ability of both plaintiffs' licensees, invitees, customers, staff, and suppliers to have vehicular access to the interior of the plaintiff's building. *Bill of Complaint*, § 17. Additionally, the plaintiffs have alleged that the public nuisance created by the defendants has "directly and proximately caused and continue to cause interference with the plaintiffs' lawful use of their property and interference with the ability of plaintiffs ICM's and LaDiff's Buildings to conduct their business; diminution of the value of plaintiffs' property and value of ICM's and LaDiff's Buildings." *Id.* at § 20. These allegations are sufficient, at least at this stage, to show some "special injury" and thereby withstand the defendants' demurrer.

## III. *Private Nuisance*

The defendants argue that there is no cause of action for private nuisance alleged because the plaintiffs have shown no "actual, physical injury to any person or property." The plaintiffs have argued, however, that Virginia law permits interference with some right incident to ownership or possession of real property to satisfy the "special injury" requirement. *See Virginian Ry. v. London*, 114 Va. 334, 344-45 (1912). In other words, "substantial impairment of the plaintiff[s'] comfort and convenience and enjoyment of [their real property]" may constitute an injury sufficient for public nuisance. *Id.* The defendants cite to *Adams v. Star Enters.*, 51 F.3d 417, 422-23 (4th Cir. 1995), to support their contention that "mere fear" of physical injury is not enough to sustain an action for private nuisance. However, *Adams* specifically states that no Virginia case law permits "recovery for a private nuisance which is not visible or otherwise capable of physical detection from the plaintiff's property." *Id.* This, however, is not the factual situation alleged in the present case. Here, there are sufficient facts alleged in the Bill of Complaint to support a claim that the defendants' actions have interfered with the plaintiffs' rights to enjoyment of their real property. Therefore, on the count of private nuisance, the demurrer is overruled.

## IV. *Coming to the Nuisance*

The defendants argue that the Bill of Complaint cannot stand as to LaDifference because it alleges that the nuisance existed in 1998, *Bill of Complaint*, § 10, and LaDifference entered their property in 1999, *Id.* at § 8. "[C]oming to the nuisance" is an affirmative defense. As an affirmative defense, it is not properly pleaded in a demurrer and should be raised in an answer.

## V. *City's Closure of Davenport Lane*

The defendants argue that the plaintiffs cannot place liability for the City's closure of Davenport Lane on them. In their Bill of Complaint, the plaintiffs allege that "the condition of Defendants' Building or the closure of Davenport Lane has caused or will cause" damage in the future and that "Defendants completely closed and blocked, or were required by governmental officials to close and block completely the portion of Davenport Lane." *Bill of Complaint*, ¶¶ 14, 20. For this reason, the defendants argue that they cannot be liable for something the City forced them to do. However, the Bill of Complaint is legally sufficient to allege that actions of the defendants either directly or indirectly cause Davenport Lane to be closed. The demurrer in this regard is overruled.

## VI. *Punitive Damages*

The defendants argue that the plaintiffs have not alleged facts sufficient to allow for an award of punitive damages. The plaintiffs, alternatively, have argued that they have adequately pleaded that the defendants were on notice of the condition of their property and intentionally took no action to correct the problem. The plaintiffs have, in fact, pleaded that the defendants had knowledge of the condition of their property and that due to their acts or omissions, the condition worsened and specifically that the defendants' actions had been "wanton, reckless, and in conscious and willful disregard of the safety and rights of others." *Bill of Complaint*, ¶¶ 11, 12, 22. While these allegations state the necessary elements for a claim of punitive damages, they are otherwise without facts to support them and are merely conclusory. *Russo v. White*, 241 Va. 23 (1991). Therefore the demurrer as to punitive damages is sustained.

Mr. Gorman can prepare the order with exceptions noted. It should provide that defendants may file any further responsive pleadings within twelve days of entry.