# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Brian Leydet
and Cindy Leydet

v.

Germel, Inc.,
Gerald T. Dixon, Jr.,
and Diana Dixon

January 5, 2012

Case No. (Civil) CL10-2534

By Judge Randall D. Smith

This matter is before the Court on Defendants' Demurrer to Plaintiffs' Amended Complaint. The Court has considered Defendants' Demurrer, Plaintiffs' brief in opposition, and the arguments of counsel. The Court is now prepared to rule on the matter.

## I. *Factual Background*

Plaintiffs have pleaded that Defendants purchased two properties adjacent to Plaintiffs' property for the construction of the eleven-home Suthernlyn Estate subdivision. The revised subdivision plan approved by the city's Planning Department included a privacy fence and a ten-foot landscape buffer to be constructed by Defendants.

In constructing the subdivision, Defendants allegedly dug a ditch adjacent to Plaintiffs' property pursuant to the approved plan. This ditch did not drain properly, causing water stagnation and flooding of Plaintiffs' property and under their house. Plaintiffs spent $1,000 for the erection of a moisture barrier which has not completely solved the water issues.

Plaintiffs further allege that Defendants' actions have caused similar drainage issues for two other ditches on their property which no longer

drain properly. Seventy-five loads of fill would allegedly be required to remedy these issues, at a cost of $4,900, and, according to Plaintiffs, the fill would not provide complete relief.

Due to the increased moisture on Plaintiffs' property, their former termite control company allegedly cancelled its contract with Plaintiffs and recommended installation of a $3,395 dehumidification system.

During construction, Defendants allegedly destroyed a $1,500 PVC drain line from Plaintiffs' in-ground pool to the ditch. Plaintiffs also allege that Defendants severed the roots of a pine tree, causing its death and necessitating removal of the tree at $500. Additionally, in constructing or relocating a fence, Defendants allegedly left construction materials and debris on Plaintiffs' property.

Finally, Plaintiffs allege that Defendants have failed to construct the ten-foot buffer required by the subdivision plan. An estimate, obtained by Plaintiffs, of the cost to construct the buffer is $13,800.

*Standard of Review*

"A demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof." *Glazebrook v. Board of Supervisors of Spotsylvania County*, 266 Va. 550, 554, 587 S.E.2d 589, 591 (2003). Further, a demurrer "admits the truth of the facts contained in the pleading to which it is addressed, as well as any facts that may be reasonably and fairly implied and inferred from those allegations. A demurrer does not, however, admit the correctness of the pleader's conclusions of law." *Taboada v. Daly Seven, Inc.*, 271 Va. 313, 317, 626 S.E.2d 428, 429 (2006); *Harris v. Kreutzer*, 271 Va. 188, 195, 624 S.E.2d 24, 28 (2006).

To survive a challenge by demurrer, a "pleading must be made with 'sufficient definiteness to enable the court to find the existence of a legal basis for its judgment'." *Eagle Harbor, L.L.C. v. Isle of Wight County*, 271 Va. 603, 611, 268 S.E.2d 298, 302 (2006) (quoting *Moore v. Jefferson Hospital, Inc.*, 208 Va. 438, 440, 158 S.E.2d 124, 126 (1967)). Rule 1:4(d) of the Rules of the Supreme Court of Virginia states: "Every pleading shall state the facts on which the party relies in numbered paragraphs, and it shall be sufficient if it clearly informs the opposite party of the true nature of the claim or defense."

A trial court is "not permitted on demurrer to evaluate and decide the merits of the allegations set forth in a [Complaint], but only may determine whether the factual allegations of the [Complaint] are sufficient to state a cause of action." *Harris*, 271 Va. at 195-96, 624 S.E.2d 24 (quoting *Riverview Farm Assocs. Va. Gen. P'ship v. Board of Supervisors*, 259 Va. 419, 427, 528 S.E.2d 99, 103 (2000)); *accord Almy v. Grisham*, 273 Va. 68, 76, 639 S.E.2d 182, 186 (2007) ("[A] demurrer presents an issue of law, not an issue of fact.").

Virginia Code § 8.01-273 states, in part: "All demurrers shall be in writing and shall state specifically the grounds on which the demurrant concludes that the pleading is insufficient at law. No grounds other than those stated specifically in the demurrer shall be considered by the court."

## III. *Analysis*

### A. *Count I: Private Nuisance*

Defendants argue on demurrer that Plaintiffs fail to allege that Defendants own the land on which the nuisance exists and that Plaintiffs fail to allege actions by the individual Defendants. Defendant also argues that Plaintiffs should have sued in contract for failure to erect a barrier, but that this claim fails too because Plaintiffs lack privity of contract and third-party beneficiary status.

Plaintiffs respond that they have adequately alleged that Defendants owned the property on which the nuisance arose and that Plaintiffs are not required to plead that Defendants owned the land on which the nuisance existed. Plaintiffs also argue that the Amended Complaint sets forth a cause of action for private nuisance against each of the defendants named therein.

"A private nuisance is the using, or authorizing the use of, one's property, or of anything under one's control, so as to injuriously affect an owner or occupier of property (1) by diminishing the value of that property; (2) by continuously interfering with his power of control or enjoyment of that property; (3) by causing material disturbance or annoyance to him in his use or occupation of that property." *Virginian Ry. v. London*, 114 Va. 334, 344-45, 76 S.E. 306, 308 (1912) (quoting Thomas Atkins Street, *The Foundations of Legal Liability*, 211-23 (1906)). Plaintiffs have adequately pleaded that Defendants "owned, occupied, and controlled the Property from which the nuisance arose." Am. Compl. ¶ 15. Plaintiffs alternately pleaded that either or both of the Defendants caused the nuisance, and alternate pleading is allowed at this stage. Va. S. Ct. R. 1:4(k).

Defendants' Demurrer to this count is overruled, as Plaintiffs have adequately pleaded all elements of a private nuisance cause of action.

### B. *Count II: Negligence*

Defendants argue that Plaintiffs fail to allege a duty owed to them by Defendants, that Plaintiffs fail to allege any breach of such duty, and that the negligence count is really the nuisance count restated, which is impermissible. *See Philip Morris, Inc. v. Emerson*, 235 Va. 380, 368 S.E.2d 268 (1988).

Plaintiffs respond that nuisance is pleaded alternatively to negligence in order to prevent the impermissible recovery discussed in *Emerson*,

where the Supreme Court of Virginia held that the plaintiffs could not recover for nuisance where the nuisance was a result of the defendant's negligent conduct. Plaintiffs also argue that the Amended Complaint does allege a duty owed by Defendants to Plaintiffs and a breach of such duty. Additionally, Plaintiffs respond that an allegation of proximate causation is sufficient to plead negligence under Virginia Supreme Court Rule 3:18.

Paragraph 20 of the Amended Complaint alleges that Defendants had a duty to design, operate, and maintain the construction site in a manner to not cause undue disturbance. Paragraph 21 of the Amended Complaint alleges a breach of this duty by stating that Defendants did not properly erect and grade the drainage ditch, destroyed the PVC drain line, severed the roots of a pine tree on Plaintiffs' property, and left construction materials on Plaintiffs' property. Leaving construction materials on Plaintiffs' property does not sound in negligence but is properly alleged as trespass. *See infra.*

While the holding in *Emerson* addressed a later stage of the proceedings and only involved the recovery allowed when nuisance and negligence were pleaded alternatively, it did not preclude alternative pleading. *See Emerson,* 235 Va. at 406-07, 368 S.E.2d 268, 282-83 ("[Plaintiff] may not recover damages for the negligent conduct alleged merely by characterizing the results of the conduct as a nuisance.") Plaintiffs have not alleged a common law duty owed by Defendants to Plaintiffs that was breached. Rather, their claims sound in nuisance and/or trespass.

Defendants' Demurrer to this count is sustained.

## C. *Count III: Trespass to Land*

Defendants argue that Plaintiffs fail to allege specific dates or instances of trespass and that Plaintiffs' allegations are contradictory regarding the presence of authority and scope of authority.

Plaintiffs respond that trespass requires a plaintiff to plead that a defendant (1) entered onto land controlled by plaintiff, (2) failed to remove items from the plaintiffs' land despite a duty to remove them, or (3) exceeded the scope of entry provided by plaintiff. Even though Virginia does not require the plaintiff to plead specific times and dates of an alleged trespass, Plaintiffs argue that the Amended Complaint does provide specific instances where Defendants entered Plaintiffs' land.

"A trespass is an unauthorized entry onto property which results in interference with the property owner's possessory interest therein." *Cooper v. Horn,* 248 Va. 417, 423, 448 S.E.2d 403, 406 (1994) (quoting 5 Richard R. Powell, *The Law of Real Property,* 707 (Patrick J. Rohan ed., 1994)). To state a cause of action for trespass,

> [A] plaintiff must prove an invasion that interfered with the right of exclusive possession of the land and that was a direct

result of some act committed by the defendant. Any physical entry upon the surface of the land constitutes such an invasion, whether the entry is a walking upon it, flooding it with water, casting objects upon it, or otherwise.

*Id.* (quoting W. Page Keeton et al., *Prosser and Keeton on the Law of Torts*, § 13, at 70 (5th ed. 1984)).

Plaintiffs may alternately plead trespass and negligence, "based on claims arising out of the same occurrence, and to have their case submitted to the jury on those alternative theories." *Id.* (citing Va. Code § 8.01-281(A); Va. Sup. Ct. R. 1:4(k); *Fox v. Deese*, 234 Va. 412, 422-23, 362 S.E.2d 699, 705 (1987)). This logically applies to the claims for nuisance as well. Plaintiffs need not establish negligence on the part of Defendants to recover for trespass. *See, e.g. id.; Akers v. Mathieson Alkali Works*, 151 Va. 1, 11, 144 S.E. 492, 495 (1928).

Defendants' Demurrer to this count is overruled.

## D. *Breach of Subdivision Agreement/Plan*

Defendants argue that Plaintiffs are neither in privity of contract with Defendants nor are they third-party beneficiaries of the agreement and no language in the agreement confers a benefit upon Plaintiffs. Therefore, Defendants argue, Plaintiffs do not have standing to enforce the agreement.

Plaintiffs concede that they are not in privity, but maintain that they are intended beneficiaries. Plaintiffs argue that a third-party beneficiary may file suit to enforce the underlying contract if "the third party shows that the parties to the contract clearly and definitely intended it to confer a benefit upon him." *Professional Realty Corp. v. Bender*, 216 Va. 737, 739, 222 S.E.2d 810, 812 (1976). Plaintiffs add that the third party need not be named in the contract. Va. Code § 55-22; *Kelley v. Griffin*, 252 Va. 26, 29, 471 S.E.2d 475, 477 (1996).

Although there does not appear to be a case directly on point, the Supreme Court of Virginia has held that a third party does not have the right to bring a suit to enforce a local subdivision ordinance against a neighbor. *Shilling v. Jimenez*, 268 Va. 202, 597 S.E.2d 206 (2004). In *Shilling*, the plaintiffs filed suit against neighboring subdividers who the plaintiffs believed provided false affidavits to the county in order to obtain approval for their subdivision plan. *Id.* at 206, 597 S.E.2d 206, 208. The plaintiffs argued that a local ordinance permitted "[a]ny person aggrieved by the interpretation, administration, or enforcement of these regulations as they apply to a subdivision or site plan application [to] petition the Circuit Court . . . as provided by law." *Id.*, 597 S.E.2d 206, 209.

Despite the neighbors' arguments to the contrary, the Supreme Court of Virginia held that "[n]owhere . . . has the General Assembly either conferred

upon a third party, a stranger to the subdivision approval process, a right to bring a suit to enforce the local ordinance or expressly empowered the local governing body to grant such a right." *Id.* at 208, 597 S.E.2d 206, 209. The Supreme Court noted that Va. Code § 15.2-2255 demonstrates "a clear legislative intent to vest in the governing body and its authorized agents the sole power to enforce its subdivision ordinance." *Id.* That Code provision reads:

> The administration and enforcement of subdivision regulations insofar as they pertain to public improvements . . . shall be vested in the governing body of the locality in which the improvements are or will be located.
>
> Except as provided above, the governing body shall be responsible for administering and enforcing the provisions of the subdivision regulations through its local planning commission or otherwise.

Va. Code § 15.2-2255.

More recently, the Supreme Court of Virginia reiterated this principle in upholding the denial of a plaintiff's request for injunctive relief against his neighbor for alleged violations of zoning ordinances. *Anderson v. Delore*, 278 Va. 251, 259, 683 S.E.2d 307, 311 (2009). Citing *Shilling*, the Court explained that "present and prior zoning ordinances do not create a private right of action but, like other such ordinances, authorize localities to adopt regulations limiting the use and development of property and to seek the imposition of penalties for violations of those regulations." *Id.*

Following the Supreme Court of Virginia's precedents denying a private right of action to a neighbor for alleged violations of local subdivision or zoning ordinances, this Court sustains the Demurrer on Count IV: Breach of the Subdivision Agreement/Plan. Under Va. Code § 15.2-2255, the City of Chesapeake and its authorized agents are the only entities that may enforce subdivision agreements between the Planning Department and developers with legal action.